IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| KRISTIN KANE KELLER,<br><br>Petitioner,<br><br>vs.<br><br>LEROY KIRKEGARD,<br><br>Respondent. | Cause No. CV 16-111-H-DLC-JTJ<br><br>FINDINGS AND<br>RECOMMENDATIONS OF<br>MAGISTRATE JUDGE |

This case comes before the Court on Kristin Kane Keller's petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Keller is a state prisoner proceeding pro se.

## I. Procedural History

This petition is Keller's third in this Court. He originally filed a petition challenging his 2014 convictions for felony Driving Under the Influence and Assault handed down in the First Judicial District Court, Lewis and Clark County. *See Keller v. Frink*, No. CV-15-159-H-DLC-JTJ (D. Mont. judgment entered Jan. 26, 2016). The petition was dismissed with prejudice as time barred and procedurally defaulted. A certificate of appealability was denied. *Keller v. Kirkegard*, No. 16-35097 (9th Cir. June 2, 2016).

In February 2016, Keller filed a subsequent federal petition, again

1

challenging the 2014 convictions. There he argued the trial court lacked jurisdiction to preside over his criminal case because the charges against him were not initiated via a grand jury indictment. *See generally Keller v. Kirkegard*, No. CV-16-14-H-DLC, Pet. (February 16, 2016). This Court determined Keller's petition was second or successive in nature and, accordingly, this Court lacked jurisdiction to consider it. *See Keller v. Kirkegard*, No. CV-16-14-H-DLC (D. Mont. judgment entered Apr. 22, 2016).

## II. Keller's Claims

In the present petition, Keller argues that his right to due process was violated by Judge Sherlock's participation in the accusatory process when he granted leave to file the Information charging Keller and then presided over the criminal matter, violating Keller's right to an impartial tribunal. (Doc. 1-1 at 1-10.) Keller goes on to argue that due to this infirmity, the proceedings against him should be deemed void. (*Id*. at 11-14.) Keller believes Judge Sherlock should have recused himself. (*Id*. at 15-21.)

## III. Analysis

Just as Keller's previously filed habeas petition, *Keller v. Kirkegard*, No. CV-16-14-H-DLC, was determined to be second or successive in nature, so too is the present petition. A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on

2

new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3). All of the claims that Keller advances in his current petition arise out of the 2014 convictions. "[B]oth 2254(b)'s text and the relief it provides indicate that the phrase 'second or successive' must be interpreted with respect to the judgment challenged." *Magwood v. Patterson*, 561 U.S. 320, 332-3 (2010).

Keller continues to challenge the original judgment of conviction against him. Additionally, Keller has not received authorization from the Circuit to file a successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Keller obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this Court lacks jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

IV. **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes

3

a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time. Keller has not made a substantial showing of a denial of a constitutional right.

## V. Recommendation

1. Mr. Keller's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Mr. Keller may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de

---

[1] As this deadline allows a party to act within 14 days after the Findings and

novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Keller must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 16th day of December 2016.

       /s/ John Johnston
      John Johnston
      United States Magistrate Judge

---

Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.